## MORRIS v. MORRIS et al.

No. 19529.. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 2.

S. A. Horton and H. A. Wilkerson, for plaintiff in error.

Roger Stephens, Fred L. Hoyt, and Elmer A. Farriss, for defendant in error.

DIFFENDAFFER, C. This is an action brought by plaintiff in error, hereinafter referred to as plaintiff, against defendants in error, to have plaintiff decreed to be the purchaser and owner of lot No. 130 in block 8 Rose Hill Burial Park in Oklahoma county, as shown on the private but unrecorded map or plat thereof.

Plaintiff alleges, in substance, that she purchased and paid for said lot, but that, by misunderstanding, accident, fraud, or mistake, the name of her then husband, J. W. Morris, was written in the contract of purchase as the purchaser, though signed by her as "Mrs. J. W. Morris"; that thereafter, and after she had fully paid for her said lot, the name of J. W. Morris was wrongfully and fraudulently inserted in the deed or other instrument of conveyance from the trustees or officers of Rose Hill Burial Park, as grantee.

Defendant Jordan W. Morris answers separately, and alleges, in substance, that the burial lot in question was purchased by him, and the deed afterwards was issued to him by the trustees and delivered by them to plaintiff to be delivered by her to him; that thereafter plaintiff delivered same to him with full knowledge that he was named therein as grantee, and that thereafter plaintiff made no claim of ownership of any interest therein until after the subsequent separation and divorce of plaintiff from him; that prior to their divorce they had fully adjusted their property rights with full knowledge on the part of plaintiff that he had received said deed for, and claimed full and complete title to, said lot, and that plaintiff made no claim in her petition for divorce of any interest in said lot; that when said property settlement was made said lot was in contemplation of both parties, and plaintiff never asserted any claim to said lot in the settlement or the divorce proceeding, but fully understood that said lot had been deeded to him in full conformity to the desire of plaintiff and himself.

The cause was an equity action tried to the court, resulting in a decree and judgment for defendants. From this decree and judgment, plaintiff appeals.

This is conceded to be an action of purely equitable cognizance. There are three assignments of error, but the only question presented therein is the sufficiency of the evidence.

Plaintiff first contends that the court erred in holding that though this lot was not mentioned in the property settlement or the divorce decree, nevertheless plaintiff was precluded from litigating the title to the lot in this action. We have carefully examined the entire record and find no such ruling or holding thereon. The journey entry or decree shows a general finding in favor of defendants, and a further finding that the lot is the property of defendant Jordan W. Morris, and that plaintiff has no right, title and interest therein. The finding and decree herein does not mention the contract of settlement of property nor the divorce decree, and in no manner holds that plaintiff is precluded by either or both. The only question presented, then, is whether the finding and decree of the court is against the clear weight of the evidence. We have carefully examined the evidence and conclude therefrom that the finding and decree are not against the clear weight of the evidence. The evidence is conflicting on some points.

The record shows that when the contract of purchase was executed, the name J. W. Morris was inserted therein as purchaser though it was signed "Mrs. J. W. Morris."

Plaintiff admits that J. W. Morris paid $100 of the purchase price; that another party, J. P. Fogle, paid $100, which she claims he paid for her, and that he was to have space for two graves in the lot. She claims she paid all the balance of the purchase price. On the other hand, defendant testified that he himself contracted for the lot; that his name was properly inserted in the contract of purchase, and that when same was delivered, he was not present, and plaintiff signed her name when his should have been signed. When the deed was executed his name was inserted as grantee. He testifies that the deed was delivered to plaintiff and by her delivered to him, and that he had always kept possession thereof. She testifies that sometime about the time when they were having their domestic troubles, defendant took the deed from among her papers.

The deed was in the possession of defendant. Defendant testifies that he paid a major portion of the purchase price. He further testifies that when they had their property settlement, plaintiff agreed that he might keep the lot, and that as the deed was in his name it need not be mentioned in the property settlement. He testifies the same with reference to a Ford automobile upon which plaintiff had made certain payments. Plaintiff admits this with reference to the automobile, but claims that defendant asserted that he did not want the lot, and that he would not want to be buried among her people. However, at that time, defendant had one sister buried on the lot in question. Defendant does not claim to have paid all the purchase price. He asserts, however, that he had paid something like $4,500 on the property which was given to plaintiff in the property settlement, of which he was repaid $1,500 in the settlement. All the other property involved in the settlement appears to have belonged to plaintiff.

As stated before, there is some conflict in the evidence, but as a whole we cannot say that the findings and decree are against the clear weight of the evidence.

The judgment and decree should therefore be affirmed.

TEEHEE, HERR, HALL, AND EAGLETON, Commissioners, concur.

By the Court: It is so ordered.